No. 54451.—The Hoole Service Company, Inc. v. United States, protest 148541–K (New York).

RAO, Judge: In the instant case certain books, imported from France, were classified as books of *bona fide* foreign authorship. Duty was assessed thereon at the rate of 7½ per centum ad valorem, pursuant to the provisions of paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, 74 Treas. Dec. 253, T. D. 49753. The protest does not challenge the

classification of the books in question, but alleges rather that the proper rate of duty for such merchandise is 5 per centum ad valorem, as provided for in said paragraph 1410, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, effective January 1, 1948.

When this case was called for trial, Mr. J. V. Hoole, president of plaintiff corporation, appearing for plaintiff, but not testifying in its behalf, sought to offer in evidence a letter stating all of the material facts. The letter was, of course, denied admission, and the case was continued to afford the plaintiff an opportunity of retaining counsel. However, there was no appearance for the plaintiff when the case again was called for trial. It was therefore submitted.

An examination of the official papers before the court reveals that the entry of the instant merchandise was made on December 31, 1947, at which time plaintiff entered the involved books free of duty pursuant to the provisions of paragraph 1630 of the Tariff Act of 1930, as books printed in a foreign language. On January 19, 1948, and before the invoice and accompanying papers came under the observation of the appraiser for the purpose of appraisement, but pursuant to the advice of the appraiser, the importer amended its entry by adding to the entered value, to make market value, the sum of 89,367.64 French francs.

Plaintiff predicates its claim for the lower rate of duty upon the fact that the amended entry was filed subsequent to the effective date of the General Agreement on Tariffs and Trade, *supra*. We find such contention to be untenable.

At the time of the importation here involved, section 8.4 (*b*) of the Customs Regulations of 1943 read as follows:

(*b*) The date on which the entry is accepted by the collector of customs shall be considered the date of entry but no entry shall be officially accepted until the importer has performed all acts required of him which are necessary to secure the issuance of an order for the examination of the package designated for examination. The date of official numbering, which shall be noted on each entry, shall in each case correspond with the date of acceptance, thus establishing the date of entry.

The entry in the instant case was accepted by the collector of customs on December 31, 1947, the date which was noted on the entry. The importer having on that date performed all acts required of it necessary to secure the issuance of an order for the examination of the package designated for examination, no subsequent amendment of the entry has or can have the effect of postdating such entry. Consequently, the General Agreement on Tariffs and Trade, *supra*, which became effective on January 1, 1948, has no application to the instant merchandise.

We hold, therefore, that the collector properly applied the rate of duty fixed by the trade agreement with the United Kingdom, *supra*, and the claim in the protest is overruled. Judgment will be entered accordingly.